978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Joseph HONEYBLUE, Defendant-Appellant.
 No. 92-5024.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 26, 1992
Decided: November 13, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-91-153-G)
 E. Raymond Alexander, Jr., Susan Hayes, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before ERVIN, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Joseph Honeyblue was convicted by a jury of conspiracy to distribute over fifty grams of crack cocaine (21 U.S.C.A.s 841(a), (b)(1)(A) (West 1981 & Supp. 1992)) (Count One) and possession of cocaine with intent to manufacture crack cocaine (21 U.S.C.A. § 841(a), (b)(1)(C) (West 1981 & Supp. 1992)) (Count Two). He appeals his conviction on Count Two on the ground that there was insufficient evidence that he intended to manufacture crack cocaine. He also contends that the district court clearly erred in giving him a two-level increase for possessing a firearm in connection with the offense, and committed plain error in using the amount of drugs set out in the presentence report.[1] We affirm the conviction and sentence.
 
 
 2
 Three government witnesses (Steve Sykes, Miko Henare, and Jeanette Williamson) testified about their knowledge of the conspiracy. Two of them had entered guilty pleas; Henare was not charged. Their testimony was that the conspirators sold crack exclusively. Henare testified that cocaine was cooked into crack at the two apartments used by the conspirators, and that Honeyblue came to her apartment (the Woodwinds apartment) almost daily to get crack to sell beginning in April 1991. Honeyblue admitted that during the month before his arrest in July 1991 he lived in the other apartment (the Carolina Circle apartment) with Sykes. Jeanette Williamson testified that Honeyblue regularly came to her house to sell "crack cocaine, already cooked." On the day he was arrested at her house, he had with him crack which she testified he had brought there to sell. This evidence was sufficient for a jury to find beyond a reasonable doubt that the 81.6 grams of cocaine recovered by police from the Woodwinds apartment was to be sold as crack, and to establish Honeyblue's complicity in that aspect of the scheme.
 
 
 3
 Honeyblue admitted owning a .380 caliber pistol which he kept with him at all times. Under guideline section 2D1.1(b)(1),[2] a twolevel increase in the base offense level should be made if the defendant possessed a weapon during the offense. Presence of a weapon justifies application of the enhancement unless it is clearly improbable that the weapon was connected with offense. U.S.S.G. § 2D1.1, comment. (n.3); United States v. Apple, 915 F.2d 899, 914-15 (4th Cir. 1990). Here, we find no clear error in the district court's factual determination that the weapon was connected with the offense.
 
 
 4
 Finally, we do not find that the district court committed plain error in relying on the estimate of the amount of drugs sold during the life of the conspiracy which was contained in the presentence report (150500 grams of crack). Honeyblue did not dispute that amount, so the government was not required to put on evidence to support it. Because over 100 grams of crack or crack equivalent was recovered fortuitously by police near the end of the conspiracy, the district court could have estimated that over 150 grams were sold overall during the period of Honeyblue's participation, had Honeyblue contested the amount. U.S.S.G. § 2D1.4, comment. (n.2).
 
 
 5
 Therefore, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Honeyblue failed to contest the amount of drug used to calculate his sentence in the district court
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)